IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | |
| EDWIN A. IRIZARRY | : | NO.  05-cr-44-4 |

| | | |
|---|---|---|
| EDWIN A . IRIZARRY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| et. al. | : | NO. 06-cv-05333 |

## MEMORANDUM AND ORDER

Petitioner Edwin Irizarry seeks habeas corpus relief (Docket No. 1, C.A. 06-5333 ) from his conviction in federal court for various crimes committed during his participation in the criminal activities of the local chapter of the gang known as the Latin Kings.  As described below, Mr. Irizarry has sought to avail himself of certain arguments that are wholly without merit.  None of his post-conviction claims discussed here pertain to his own individual situation. Rather, he has borrowed "boiler plate" materials that, but for the frequency with which they have recently been appearing on the federal court dockets, would not warrant substantive discussion. Hence, this Memorandum.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266, confirms the right of all persons in state or federal custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If a writ of habeas corpus is issued by a federal court, the prisoner will be released from custody on the grounds that his rights

guaranteed by the United States Constitution have been violated. Habeas corpus motions pursuant to AEDPA are the only means of obtaining this particular type of relief. <u>Benchoff v. Colleran</u>, 404 F.3d 812 (3d Cir. 2005); <u>Coady v. Vaughn</u>, 251 F.3d 480 (3d Cir. 2001).

In AEDPA, Congress provided that as to a petitioner who is in custody pursuant to a federal sentence, a writ of habeas corpus may issue pursuant to 28 U.S.C. § 2255 for constitutional attacks on the imposition of a federal conviction and/or a federal sentence. A § 2255 petition containing such constitutional attacks is only filed *after* the imposition of the sentence. Pursuant to 28 U.S.C. § 2255 itself, any attack on federal custody filed *before* the imposition of sentence cannot be filed pursuant to 28 U.S.C. § 2255. Rather, petitions for writs of habeas corpus filed before sentencing must be treated as a petition pursuant to 28 U.S.C. § 2241. Mr. Irizarry's filings implicate the foregoing distinctions.

Petitioner Irizarry was sentenced on March 14, 2007 by this Court in connection with his conviction in Criminal Action No. 05-44-4. ( Docket No. 849)  On December 4, 2006 (more than three months before his sentence was imposed), Petitioner Irizarry filed a petition in this Court, docketed at C.A. 06-5333 by the Clerk of the Court, seeking habeas corpus relief. In his December 4, 2006 filing, Petitioner raised one claim that he contended justified habeas corpus relief, namely, that Public Law No. 80-772, the law that bestowed jurisdiction over violations of federal crimes on the federal district courts, was allegedly not enacted in a constitutional manner. Thus, Mr. Irizarry sought to void his federal conviction and his expected federal sentence.

On February 28, 2007, this Court denied the Petition in its then-present form without prejudice to Petitioner to file promptly an amended petition under 28 U.S.C. § 2241 or, if he chose to await imposition of his sentence in connection with the criminal proceedings at CR 05-

44-4 (which was then scheduled to be imposed on March 14, 2007), a petition for relief pursuant to 28 U.S.C. § 2255. Sentencing of Mr. Irizarry did take place on March 14, 2007, as scheduled.

On April 4, 2007, some 35 days after the Court's Order of February 28, 2007, and 21 days after the imposition of his federal sentence, Petitioner filed what he referred to as an "Amended Petition Under 28 U.S.C. § 2241" (Docket No. 4, C.A. 06-5333). This untimely filing seeking relief pursuant to 28 U.S.C. § 2241 did not comply with the March 14, 2007 deadline established, or the pleading options offered, in the Court's Order of February 28, 2007.

Mr. Irizarry again raises one claim in his April 4, 2007 Petition, and it is also the same, single claim that he raised in his December 4, 2006 filing, namely, that Public Law No. 80-772, the law that bestowed jurisdiction over alleged federal crimes on the federal district courts, was supposedly not enacted in a constitutional manner, and that his federal conviction and his federal sentence are therefore void. Thus, Mr. Irizarry claims that the rights guaranteed to him by the Fifth Amendment to the United States Constitution have been violated. In other words, on its face, Mr. Irizarry's Petition is the very type of petition anticipated by 28 U.S.C. § 2255. Nevertheless, apparently because the identical December 4, 2006 petition was filed *before* the imposition of the Petitioner's federal sentence, the April petition was again characterized by the Clerk of the Court as a § 2241 petition even though sentence had by then been imposed on Mr. Irizarry. Because of all the foregoing, and because of Mr. Irizarry's pro se status, this matter will be re-characterized sua sponte as a 28 U.S.C. § 2255 petition, and the Court now will proceed to consider his argument.

The claim Mr. Irizarry raises is meritless and will be dismissed with prejudice.

Federal courts are courts of limited jurisdiction, and Congress has conferred criminal

3

jurisdiction upon federal district courts by means of 18 U.S.C. § 3231, which states in its entirety:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the Untied States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

This jurisdictional pronouncement was enacted into law by Congress on June 25, 1948 in Public Law Number 80-772. The provision has never been amended. It remains in the exact same form that it was enacted almost 59 years ago. In recent months, however, many habeas corpus petitioners in this court, and apparently in federal courts throughout the country, have filed petitions arguing that there was allegedly a <u>sine die</u> recess in Congress between the adoption of Public Law Number 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution. This is the argument that Mr. Irizarry has made in the instant petition. The argument posits that the Speaker of the House and the President of the Senate allegedly met in one of their private offices during this alleged recess and signed Public Law Number 80-772 into law without approval from their respective bodies. From a review of other cases in which this basic argument appears, there are also variations on this scenario to the effect that the versions of Public Law Number 80-772 adopted by the Senate and the House of Representatives were allegedly not completely identical, and that, therefore, the statute was enacted in an unconstitutional manner. From a review of the pertinent case law, there appear to be even other additional variations on this argument, including stating that Congress's record-keeping concerning the events of June 25, 1948 was allegedly unclear and confusing. Petitioners such as Mr. Irizarry theorize (and, hence, allege) that something deceptive

happened in Congress that day.  Accordingly, Mr. Irizarry (like a host of other habeas petitioners) argues that Public Law 80-772 was not enacted in a constitutional manner and, as a result, his conviction was unlawful.

These allegations are without a shred of validity.  There was no sine die recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events.  See United States v. Martinez, 2006 WL 1293261, at *5 (S.D. Tex. 2006).  The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the *second* session of that Congress.  Id.  This recess, however, was an inter-session, not a sine die, recess.  Id.  Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress.  Id.; Delreth v. United States, 2006 WL 1804618, at *3-4 (S.D. Tex. 2006).  Thus, Public Law 80-772 was passed by both houses before a sine die recess was called and, therefore, was properly enacted.  Id.; see also Lister v. United States, 2006 WL 3751324, at *1-2 (N.D. Tex. 2006); United States v. Risquet, 426 F.Supp. 2d 310, 311-12 (E.D. Pa. April 5, 2006); Cullum v. Fox , 2006 WL 3691170, at *1-2 (E.D. Tex. 2006); United States v. Lawrence, 2006 WL 250702, at *1 (N.D. Ill. 2006).

Prompted to assume the role of judicial sleuth, the United States District Court for the Eastern District of Kentucky has traced the genesis of this "recess" story to a letter written by a Congressional clerk on June 28, 2000.  That court did not discuss the context of the letter, except to say that it described an allegedly unusual pattern of Congressional adjournments in June 1948.  It seems that somehow this letter led to the "recess" rumor, which subsequently has spread unchecked among prisoners and jailhouse lawyers throughout the country.  See Mullican v.

5

Stine, 2007 WL 1193534 (E.D. Ky. 2007); Campbell v. Gonzalez, 2007 WL1035021 (E.D. Ky. 2007); Goncalves v. Gonzalez, 2007 WL 628142 (E.D. Ky. 2007).[1]

This erroneous "recess" scenario has also been addressed in this District.  See United States v. Risquet, 426 F.Supp. 2d 310 (E.D. Pa. April 5, 2006).  In Risquet, the court held that even if these allegations concerning the events of June 25, 1948 were true (which the Risquet court concluded they were not), that would merely mean that the predecessor to 18 U.S.C. § 3231 was still in effect, which predecessor statute granted the same jurisdiction upon federal district courts.  Risquet, 426 F.Supp. at 311-12.  Accord, United States v. Lawrence, 2006 WL 250702, at *1 (N.D. Ill. 2006).

As a result of the foregoing, the Court concludes that Risquet and all of the analyses set out in the cases from the other eight federal district courts, have reached the correct conclusion that this mythical story concerning the adoption of Public Law Number 80-772 is utterly baseless.

Accordingly, this 8th day of June, 2007, is it hereby **ORDERED** that Civil Action No. 06-5333 is re-categorized as a petition seeking relief pursuant to 28 U.S.C. § 2255, related to

---

[1] The District Court for the Eastern District of Kentucky also held that because these allegations are constitutional in nature, and attack the imposition of a sentence, they must first be brought pursuant to 28 U.S.C § 2255 because a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective.  Mullican, 2007 WL 1193534, at *4; Campbell, 2007 WL 1035021, at *4; Goncalves, 2007 WL 628142, at *4. Accord, Jones v. Unknown Warden, 2006 WL 1459841, at *2 (E.D. Mo. 2006); Martinez v. Gonzalez, 2006 WL 2982856, at *2 (M.D. Fla. 2006).  As § 2255 cases, they are subject to the one-year statute of limitations contained in 28 U.S.C. § 2255 itself.  Jones, 2006 WL 1459841, at *2.

Criminal Action No. 05-44-2, and it is further **ORDERED** that Mr. Irizarry's Petition is **DISMISSED WITH PREJUDICE**.

<u>S/Gene E.K. Pratter</u>  
Gene E.K. Pratter  
*United States District Judge*