UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION No. 05-044-4 |
| | : | CIVIL ACTION No. 11-6632 |
| EDWIN IRIZARRY | : | |

M E M O R A N D U M

INTRODUCTION

Edwin Irizarry, acting pro se, invokes 28 U.S.C. § 2255 in an effort to vacate his sentences for having been found guilty following a lengthy jury trial of being a member of a RICO conspiracy, conspiracies to murder in aid of racketeering, attempted murder in aid of racketeering, and use and carrying firearms in connection with committing a murder conspiracies. Specifically, Mr. Irizarry was sentenced to life imprisonment on Count 1 of the 26-count indictment,[1] concurrent 10-year terms on Counts 18, 19, 21 and 26, a consecutive 10-year term on Count 20 and a consecutive 300-month sentence on Count 22. In addition, the Court set a 5-year term of supervised release.

Mr. Irizarry appealed his sentence (in addition to appealing the conviction), arguing that his sentences were unreasonable. The Court of Appeals affirmed both the conviction and the sentence in an opinion dated August 3, 2010.

Now, Mr. Irizarry claims that both his trial counsel and his appellate counsel were ineffective for various reasons, none of which come close to meeting even threshold consideration under the Supreme Court's test for evaluating claims of ineffective assistance of

---

[1] Mr. Irizarry was one of 17 defendants indicted by the grand jury for a host of crimes allegedly committed by members of the nationwide so-called "Latin Kings" gang.

counsel. Mr. Irizarry's motion will be denied.[2]

DISCUSSION

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test for evaluating claims such as Mr. Irizarry's criticisms of his counsel. First, Mr. Irizarry must delineate errors by his lawyer that fall below the basic professional standards expected of counsel. Next, he must show that that deficient performance actually visited harm, i.e., prejudice, upon him. Stated succinctly, Mr. Irizarry is obliged to demonstrate that there is some reasonable probability that "but for" his lawyer's sub-standard performance, the outcome of his case would have been different in some positive way. This Mr. Irizarry has not done.

Mr. Irizarry suggests a number of mistakes by his lawyers. Each has been thoroughly - - and correctly - - examined by the Government following a detailed summary of the salient facts of the underlying case and trial. The Court finds no shortcoming in the Government's meticulous review of the §2255 claims, the charges, the convictions, the statutory frameworks for the indicate crimes and potential sentences, and counsel's conduct. Likewise, having separately reviewed and evaluated the potential impact of the various events, developments and circumstances attendant to Mr. Irizarry's trial and his appeal, the Court discerns no nexus between any such matters and any supposed prejudice to Mr. Irizarry. Indeed, Mr. Irizarry's conviction and sentence was, and remains, fully justified and justifiable even if the descriptions Mr. Irizarry ascribes to his lawyer's conduct were to be factually supported - - which they are not.

---

[2] Mr. Irizarry filed the Motion in the first instance and the Government filed a reply in opposition. Thereafter, Mr. Irizarry moved for an extension of time (Docket No. 968) to respond to the Government's reply which the Court granted by Order dated June 14, 2012 (Docket No. 971), giving Mr. Irizarry until July 13, 2012 to reply to the Government's response. He did not file a reply.

Accordingly, the Court concludes that counsel's exercise of their professional judgment on Mr. Irizarry's behalf was not below par for knowledgeable law practitioners, McAleese v. Mazurkiewicz, 1F.3d 159, 175 (3d Cir.), cert. denied, 510 U.S. 1028 (1993); Lewis v. Mazurkiewicz, 915 F.2d 106, 114 (3d Cir. 1990). It follows, then, that Mr. Irizarry certainly can not hope to satisfy the "prejudice" prong of the Strickland test.

CONCLUSION

For the reasons outlined, an Order consistent with this Memorandum will be entered, denying the Motion.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge